IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JUN -1  P 3: 34

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| U.S. BEVERAGE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 2:06CV496-S |
| JOHN BUSTER WALKER, II; TRIDENT ) | |
| MARKETING, INC.; and A, B, C, and D, ) | |
| fictitious defendants, whose names are ) | |
| otherwise unknown but which will be ) | |
| supplemented by amendment, ) | |
| ) | |
| Defendants. ) | |

# COMPLAINT

## I. PARTIES

1. U.S. Beverage, Inc. ("Plaintiff" or "US Beverage") is an Alabama corporation with its principal place of business located in Montgomery, Alabama, within the Middle District of Alabama.

2. John Buster Walker, II ("Walker") is a resident of Katy, Texas.

3. Trident Marketing, Inc. ("Trident Marketing") is a Georgia corporation with its principal place of business in Katy, Texas, which at all relevant times, conducted business in the state of Alabama.[1] Trident Marketing is owned or controlled in whole or in part by Defendant Walker.

4. A, B, C and D are fictitious parties whose names are otherwise unknown to Plaintiff, but which will be substituted by amendment when discovered. Such parties are those

---

[1] John Walker and Trident Marketing are collectively referred to as "Defendants".

corporations, partnerships, individuals, limited liability companies or other entities who committed the wrongs complained of herein.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the matters in dispute exceed $75,000.00, exclusive of interest and costs.

6. This Court also has jurisdiction over the matter pursuant to 28 U.S.C. § 1331, in that Plaintiff alleges a claim pursuant to 15 U.S.C. § 1120, which arises under the laws of the United States.

7. Venue is proper in the Northern Division of the Middle District of Alabama pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in this division.

## III. FACTS

8. Plaintiff U.S. Beverage, Inc. is an Alabama corporation engaged primarily in the wholesale distribution of fruit juice concentrate to bars, schools, restaurants and other businesses in Alabama, Arkansas, Louisiana, Texas, North Carolina, South Carolina, Florida, Georgia, Tennessee and Mississippi.

9. US Beverage is a close corporation with three shareholders, Grady Dowling Kittrell, Thomas Going Clark, III and John Buster Walker, II ("Walker"). Each shareholder holds 500 shares (or 1/3 interest) of the corporation.

10. John Walker previously was the owner of a company called Tropical Perfections, Inc.

On or about April 24, 2002, US Beverage purchased Tropical Perfections in an exchange of stock. In return for all of the shares of Tropical Perfections, Walker received 500 shares of stock of US Beverage and became an officer of US Beverage.

11. At or about the time that Walker became a shareholder of US Beverage, he executed a non-compete agreement, setting forth that: if any shareholder of US Beverage should leave the company, then, for a period of three years after leaving, that shareholder may not compete with US Beverage in the geographic range listed in the contract. [Non-Compete Agreement attached to the Complaint as Exhibit 1]. In addition to other damages, the non-compete agreement provides for a minimum $75,000.00 for its breach.

12. John Walker's primary responsibility with US Beverage was sales and marketing of the company's products, and, through such responsibility, he gained valuable and proprietary knowledge about US Beverage, its business and its customers.

13. In its business, US Beverage developed a brand identity called "Juice Alive". Juice Alive is an extremely important asset of the company which constitutes much of its sales.

14. Walker and Trident Marketing have misappropriated the brand identify "Juice Alive" and falsely or fraudulently registered "Juice Alive" with the United States Patent and Trademark Office ("USPTO"). Walker and Trident Marketing are marketing "Juice Alive" for their own benefit and to the detriment of US Beverage.

15. Upon information known at the present, on or about May, 2005, Walker began actively competing against Plaintiff's interests. Sometime between May, 2005 and August, 2005, Walker began refusing to perform his duties and refused to come to work at US Beverage; however, he continued to receive a salary as an officer of the corporation.

16. Since that time, Walker, individually and through the entity known as Trident Marketing, has actively engaged in competing and bidding against US Beverage, to the detriment of US Beverage.

17. Walker is presently using his knowledge of US Beverage and the contacts that he made in his fiduciary capacity to influence potential customers and to injure US Beverage.

18. John Walker is still a shareholder of US Beverage, and an employee and director of the company.

19. US Beverage has sustained significant monetary damages as a result of the actions of Defendants, including loss of customers and sales, and also continues to suffer irreparable harm as a result of the active competition against US Beverage and the misappropriation of its brand identity.

### IV. COUNT I: Breach of Fiduciary Duty against John Walker

20. As an officer, director and 1/3 shareholder of US Beverage, Walker owes a fiduciary duty to the corporation.

21. Walker has usurped corporate opportunities, misappropriated corporate assets and has misappropriated the corporate brand name, "Juice Alive".

22. Walker is also actively competing against US Beverage, and engaging in actions designed to be detrimental to US Beverage.

23. Therefore, Walker has breached his fiduciary duty to US Beverage.

24. On account of the breach of fiduciary duty, US Beverage has suffered damages well in excess of $75,000.

Wherefore Plaintiff demands judgment against John Walker for the provable damages caused by the breach of fiduciary duty, an amount which is greater than $75,000.00, plus costs and interest.

### V. COUNT II: Breach of Non-Compete Agreement against John Walker.

25. Defendant Walker has left US Beverages and refuses to perform any of his duties with respect to the company.

26. Walker is actively engaging in competition with US Beverage in breach of the non-compete agreement which he entered into on April 24, 2002.

27. The non-compete agreement provides for liquidated damages of $75,000.00, plus any provable actual damages, costs and attorney's fees.

Wherefore, Plaintiff demands judgment against Walker for an amount equal to all provable actual damages, plus liquidated damages of $75,000.00, costs and attorney's fees.

### VI. COUNT III: Intentional Interference of Business Relations against John Walker and Trident Marketing

28. Plaintiff has multiple business relations and contracts in regard to its business of sale and distribution of juice concentrate.

29. Defendants have extensive knowledge of these business relationships and contracts, acquired through breach of duty.

30. Defendants have intentionally interfered with these business relationships and contracts without justification.

31. Defendants' intentional interference has caused Plaintiff significant injury, and continues to cause ongoing injury.

Wherefore, Plaintiff demands judgment against Defendants for the provable compensatory damages, plus punitive damages, interest and costs.

### VII. COUNT IV: False or Fraudulent Registration of a Trademark

32. On or about September, 2004, Walker and Trident Marketing submitted an application for trademark to the USPTO in regard to "Juice Alive". At the time, Walker was an officer and shareholder of US Beverage whose job duties including finding a brand identity for US Beverage.

33. "Juice Alive" was developed for and by US Beverage. Juice Alive constitutes a large percentage of US Beverage's sales.

34. On or about December, 2005, the USPTO approved the trademark registration of "Juice Alive". The Registration Number for the trademark is 3027833.

35. US Beverage had no knowledge of Walker and Trident Marketing's activities in regard to the trademark registration at the time.

36. Walker and Trident Marketing continue to promote and market "Juice Alive" for their own benefit through the use of photographs and other materials of US Beverage.

37. The trademark registration was procured through false and fraudulent declarations and representations in violation of 15 U.S.C. § 1120.

38. US Beverage has incurred damages as a result of the false and fraudulent trademark registration and continues to incur damages.

Wherefore, US Beverage demands judgment against Walker and Trident Marketing, in accordance with 15 U.S.C. § 1120, for the damages suffered as a consequence of the false and/or fraudulent registration of the trademark.

### VIII. Count V: Declaratory Judgment pursuant to 28 U.S.C. § 2201

39. A trademark for the brand identity "Juice Alive" has been registered with the USPTO.

40. The trademark was registered by Walker and Trident Marketing while Walker was acting as an officer for US Beverage.

41. "Juice Alive" was developed by US Beverage and is the exclusive property of US Beverage.

42. To the extent that the trademark for US Beverage is valid, the trademark is the property of US Beverage.

43. As Walker and Trident Marketing are using the trademark for "Juice Alive" for their own benefit, an actual controversy exists between the parties which this Court may decide.

Wherefore US Beverage prays that the Court will declare, pursuant to 28 U.S.C. 2201, that the trademark of "Juice Alive", Registration #3027833, is the property of US Beverage and thereby preclude Walker and Trident Marketing from utilizing such trademark.

### IX. PRELIMINARY INJUNCTION AND PERMANENT INJUNCTIVE RELIEF

44. Plaintiff seeks to enjoin Defendants from: 1) competing against US Beverage; 2) using proprietary information of US Beverage; 3) interfering with present business relationships to the detriment of US Beverage; and 4) misappropriating and using US Beverage's brand name and trademark "Juice Alive".

45. Walker, individually and through Trident Marketing and such other corporations or entities that he may be involved in, is actively competing against US Beverage for customers and business in breach of his fiduciary duty to the corporation. Defendant Walker is also wrongfully

using proprietary knowledge of US Beverage to further this purpose. Walker is making continued misrepresentations to current and future customers of US Beverage to interfere with US Beverage's business and damage US Beverage. Furthermore, Walker and Trident Marketing are continuing to use the falsely obtained "Juice Alive" trademark for their personal gain.

46. Plaintiff has a substantial likelihood of success on each of the claims herein.

47. Plaintiff will suffer irreparable harm if Defendants are not enjoined from continuing to engage in the actions described herein, which far outweighs any harm to Defendants.

48. Plaintiff has no adequate remedy at law to remedy the damage being done to its business.

49. As the majority of Plaintiff's customers are public schools, an injunction would be greatly beneficial to the public.

Wherefore, Plaintiff U.S. Beverage, Inc. demands judgment as set forth herein, as well as seeks both preliminary and permanent injunctive relief to enjoin Defendants from the actions described herein, and such other relief as the Court deems appropriate.

Dated: June 1, 2006

_____
Richard H. Gill (GIL007)
C. Nelson Gill (GIL055)
*Attorney for U.S. Beverage, Inc.*

Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street
P.O. Box 347
Montgomery AL 36101-0347
Phone: 334/834-1180
Fax: 334/834-3172
Email: gill@copelandfranco.com
Email: ngill@copelandfranco.com

SERVE DEFENDANTS VIA CERTIFIED MAIL

John Buster Walker, II
23611 Litchfield Bend Lane
Katy, Texas 77494

Trident Marketing, Inc.
23611 Litchfield Bend Lane
Katy, Texas 77494