**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| U.S. BEVERAGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:06-cv-496-MEF |
| | ) | |
| JOHN BUSTER WALKER, II; TRIDENT | ) | |
| MARKETING, INC.; and A, B, C, and D, | ) | |
| fictitious defendants, whose names are | ) | |
| otherwise unknown but which will be | ) | |
| supplemented by amendment, | ) | |
| | ) | |
| Defendants. | ) | |

**COUNTERCLAIM DEFENDANTS' ANSWER TO COUNTERCLAIM**

Comes now Counterclaim Defendants U.S. Beverage, Inc., Grady Kittrell, Thomas Clark, III and Norman Todd and collectively answer the counterclaim filed by John Buster Walker, II and Trident Marketing, Inc. as follows:

**PARTIES**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

## JURISDICTION AND VENUE

7. Paragraph 7 states a legal conclusion and does not require an answer.

8. Paragraph 8 states a legal conclusion and does not require an answer.

9. Paragraph 9 states a legal conclusion and does not require an answer.

10. Paragraph 10 states a legal conclusion and does not require an answer.

## FACTS.

11. Counterclaim Defendants are without sufficient knowledge to admit or deny allegations of paragraph 11 and therefore deny paragraph 11.

12. Counterclaim Defendants are without sufficient knowledge to admit or deny allegations of paragraph 12 and therefore deny paragraph 12.

13. Denied.

14. Admitted.

15. Denied.

16. Denied.

17. Denied.

18. Counterclaim Defendants do not deny that John Walker signed several agreements on April 24, 2002; however, Counterclaim Defendants deny the allegations of paragraph 18 as they are stated.

19. Denied.

20. Admitted.

21. Admitted.

22. Admitted.

23. Denied.

24. Denied as stated.

25. Counterclaim Defendants are without sufficient knowledge to admit or deny allegations of paragraph 25 and therefore deny paragraph 25.

26. Denied as stated.

27. Denied.

28. Denied.

29. Denied.

30. Counterclaim Defendants are without sufficient knowledge to admit or deny allegations of paragraph 30 and therefore deny paragraph 30.

31. Counterclaim Defendants are without sufficient knowledge to admit or deny allegations of paragraph 31 and therefore deny paragraph 31.

32. Counterclaim Defendants are without sufficient knowledge to admit or deny allegations of paragraph 32 and therefore deny paragraph 32.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Counterclaim Defendants are without sufficient knowledge to admit or deny allegations of paragraph 37 and therefore deny paragraph 37.

38. Denied as stated.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Denied.

44. The first sentence of Paragraph 44 is Admitted; however the remainder of Paragraph 44 is Denied.

45. Admitted.

46. Admitted.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied as stated.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Admitted that U.S. Beverage received the letter attached as Exhibit E and that the letter speaks for itself. The remainder of Paragraph 56 is Denied.

57. Admitted.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Admitted that the Non-Competition Agreement is attached and it speaks for itself. The remainder of Paragraph 63 is denied as stated.

64. Denied.

65. Denied.

## COUNT I.

66. Paragraph 66 states no allegation and therefore requires no response.

67. Admitted.

68. Denied.

69. Counterclaim Defendants are without sufficient knowledge to admit or deny allegations of paragraph 69 and therefore deny paragraph 69.

70. Counterclaim Defendants are without sufficient knowledge to admit or deny allegations of paragraph 70 and therefore deny paragraph 70.

71. Counterclaim Defendants are without sufficient knowledge to admit or deny allegations of paragraph 71 and therefore deny paragraph 71.

72. Admitted.

73. Admitted.

74. Denied.

75. Denied.

76. Denied.

77. Counterclaim Defendants admit that U.S. Beverage has used Juice Alive since receiving the letter attached as Exhibit E. The remainder of paragraph 77 is Denied as stated.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

Counterclaim Defendants deny that Counterclaim Plaintiffs are entitled to the relief listed under Count I, or are entitled to any relief whatsoever.

## COUNT II.

84. Paragraph 84 makes no affirmative allegation and therefore requires no response.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

Counterclaim Defendants deny that Counterclaim Plaintiffs are entitled to the relief set fourth in Count II, or are entitled to any relief whatsoever.

## COUNT III.

93. Paragraph 93 makes no affirmative statement and therefore requires no response.

94. Admitted.

95. Admitted.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

Counterclaim Defendants deny that Counterclaim Plaintiffs are entitled to the relief set fourth in Count III, or are entitled to any relief whatsoever.

## COUNT IV.

101. Paragraph 101 makes no affirmative statement and therefore requires no response.

102. Counterclaim Defendants do not deny that John Walker entered into agreements on April 24, 2002 with U.S. Beverage; however, Counterclaim Defendants deny paragraph 102 as stated.

103. Admitted.

104. Denied.

105. Counterclaim Defendants are without sufficient knowledge to admit or deny allegations of paragraph 105 and therefore deny paragraph 105.

106. Admitted.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

Counterclaim Defendants deny that John Walker is entitled to the relief sought in Count IV, or is entitled to any relief whatsoever.

## COUNT V.

120. Paragraph 120 makes no affirmative statement and therefore requires no response.

121. Denied.

122. Denied as stated.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

Counterclaim Defendants deny that Counterclaim Plaintiffs are entitled to the relief set out in Count V., or entitled to any relief whatsoever.

## COUNT VI.

127. Paragraph 127 makes no affirmative statement and therefore requires no response.

128. Admitted.

129. Admitted.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied

141. Denied.

142. Denied.

Counterclaim Defendants deny that Counterclaim Plaintiffs are entitled to the relief set out in Count VI., or that Counterclaim Plaintiffs are entitled to any relief whatsoever.

**COUNT VII.**

143. Paragraph 143 makes no affirmative statement and therefore requires no response.

144. Admitted.

145. Admitted.

146. Paragraph 146 states a legal conclusion and no answer is required.

147. Paragraph 147 states a legal conclusion and no answer is required.

148. Paragraph 148 states a legal conclusion and no answer is required.

149. Paragraph 149 states a legal conclusion and no answer is required.

150. Paragraph 150 states a legal conclusion and no answer is required.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Paragraph 158 states a legal conclusion and no answer is required.

159. Denied.

Counterclaim Defendants deny that John Walker is entitled to the relief sought in Count VII., or is entitled to any relief whatsoever.

**COUNT VIII.**

160. Paragraph 160 makes no affirmative statement and therefore requires no response.

161. Paragraph 161 makes no affirmative allegation and does not require an answer.

162. Paragraph 162 states a legal conclusion and no answer is required.

163. Denied.

164. Denied.

165. Paragraph 165 states a legal conclusion and no answer is required.

166. Paragraph 166 states a legal conclusion and no answer is required.

167. Paragraph 167 states a legal conclusion and no answer is required.

168. Paragraph 168 makes no intelligent statement and therefore requires no response.

169. Paragraph 168 makes no intelligent statement and therefore requires no response.

Counterclaim Defendants deny that Counterclaim Plaintiffs are entitled to the relief sought in Count VIII., or are entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES.**

1. Counterclaim Plaintiffs' Counterclaim is barred on account of duress, fraud or illegality.

2. Counterclaim Plaintiffs are estopped from asserting the Counterclaim.

3. Counterclaim Plaintiffs' Counterclaim fails to state a claim upon which relief could be granted.

4. Counterclaim Plaintiffs' Counterclaim contains defenses and not properly asserted claims.

5. Counterclaim Plaintiffs' Counterclaim does not aver facts which would give rise to punitive damages under Alabama law.

Counterclaim Defendants reserve the right to amend their Answer and add additional affirmative defenses.

s/C. Nelson Gill
Richard H. Gill (GIL007)
C. Nelson Gill (GIL055)
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street
P.O. Box 347
Montgomery AL 36101-0347
Phone: 334/834-1180
Fax: 334/834-3172
Email: gill@copelandfranco.com
Email: ngill@copelandfranco.com
**Attorneys for U. S. Beverage, Inc.**

## **CERTIFICATE OF SERVICE**

I certify that on this 14th day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

- **Raymond Lewis Jackson, Jr**
  rjackson@auburnattorney.com raymond@hidinc.com

s/C. Nelson Gill
Of Counsel
