State of Alabama

Montgomery County

# AGREEMENT TO

# PURCHASE CORPORATE STOCK

# OF TROPICAL PERFECTIONS, INC.

Comes, Thomas Going Clark, III and Grady Dowling Kittrell, being all the stockholders of the Alabama Corporation U.S. Beverage and John Buster Walker, II, being the sole stockholder of Tropical Perfections, Inc and for good and valuable consideration, in the amount of Ten Dollars and other valuable consideration the receipt of which is acknowledged do hereby agree, bargain, covenant and contract with each other, Tropical Perfections, Inc. and U.S. Beverage, Inc. as follows:

U.S. Beverage, Inc. is to purchase for 500 shares of its corporate stock one hundred percent ( 100% ) of all the stock, assets, accounts receivable, good name, good will and any other assets of Tropical Perfections, Inc. and Tropical Perfections, Inc. is to sell U.S. Beverage one hundred percent ( 100% ) of all the stock, assets, accounts receivable, good name, good will and any other assets of Tropical Perfections, Inc.

                                                      */s/ John B. Walker*
John Buster Walker, II, individually and as sole stockholder of Tropical Perfections, Inc.

                                                      */s/*
Grady Dowling Kittrell, individually and as a

stockholder of U.S. Beverage

_____
Thomas Going Clark, III, individually and as a stockholder of U.S. Beverage

U. S. Beverage, Inc.

By: _____
One half owner

By: _____
One half owner


STATE OF ALABAMA            *
                            *
MONTGOMERY COUNTY           *

    I, the undersigned authority, a Notary Public in and for said State at Large hereby certify that John Buster Walker, II, individually and as sole stockholder of Tropical Perfections, Inc. And Grady Dowling Kittrell, and Thomas Going Clark, III individually and as the sole owners of U. S. Beverage, whose names are signed to the foregoing conveyance, and who are known to me acknowledged before me on this day, that, being informed of the contents of the conveyance they executed same voluntarily on the day the same bears date.

    Given under my hand and official seal this the 24 day of April, 2002.

_____
Notary Public
My Commission Expires: 7/26/06

## BILL OF SALE

For good and valuable consideration, the receipt of which is hereby acknowledged, I, John Buster Walker, II, the sole stockholder of Tropical Perfections, Inc. do sell one hundred percent ( 100% ) of the stock, all assets, accounts receivable, good name, good will and any other assets of said Tropical Perfections, Inc., a further description of said assets is attached to this Bill of Sale and marked as exhibit A., to U.S. Beverage, Inc, for 500 shares of their stock, being a one-third interest in said U.S. Beverage, Inc.

Done this the 24 day of April, 2002.

Tropical Perfections, Inc.

*/s/ John B. Walker II*

By John Buster Walker, II, sole stockholder
And authorized agent

State of Alabama

Montgomery County

## BUY-SELL AGREEMENT

Comes, John Buster Walker, II, Grady Dowling Kittrell, and Thomas Going Clark, III, being all the stockholders of the Alabama Corporation U.S. Beverage and for good and valuable consideration, in the amount of Ten Dollars and other valuable consideration the receipt of which is acknowledged do hereby agree, bargain, covenant and contract with each other and U.S. Beverage as follows:

In the event a stockholder of U.S. Beverage desires to sell his stock, said stock shall first be offered to U.S. Beverage first. If it does not desire to purchase said stock, it then must be offered to the other shareholders equally. If one of the existing shareholders does not wish to purchase an equal share of the offered stock, then it must then be offered to the other stockholder.

If neither U.S. Beverage desires to buy the stock, nor do the stockholder together, nor does any individual stockholder, then it may be offered to anyone or any entity.

All offers to sell stock shall be in writing and physically delivered to the main offices of U. S. Beverage. Upon physical receipt of said offer to sell, U.S. Beverage having the right of first refusal, shall buy the shares within 45 days of that offer. If they decline or fail to buy at a

negotiated price those shares within that time period, the remaining stockholders, having the right of second refusal, shall have 20 days from the date of the decline to purchase or the expiration of 45 days from the date of the offer, whichever comes first to purchase the shares at a negotiated price. If the remaining shareholders failed to purchase the stock within that 20 day period or decline to purchase said stock, then the individual stockholder, having the right of third refusal, shall have 7 days to purchase the stock. Thereafter, anyone can purchase the stock.

If the corporation or stockholders cannot agree upon a negotiated price then they may select by agreement a person or business to value the shares of stock being offered to sale. If they cannot agree on one person or entity to value the stock, then the seller shall select one to value the stock, the purchaser shall select one to value the stock, those two shall value the stock, their totals shall be averaged and the stock offered to the purchaser(s) at that price wherein it shall be sold by the owner of those shares for the average so determined.

_____
John Buster Walker, II, individually and as a stockholder of U.S. Beverage

_____
Grady Dowling Kittrell, individually and as a stockholder of U.S. Beverage

_____
Thomas Going Clark, III, individually and as a stockholder of U.S. Beverage

U. S. Beverage, Inc.

By: _____
One third owner

By: _____
One third owner

By: _____
One third owner

STATE OF ALABAMA         *
                         *
MONTGOMERY COUNTY        *

    I, the undersigned authority, a Notary Public in and for said State at Large hereby certify that John Buster Walker, II, Grady Dowling Kittrell, and Thomas Going Clark, III individually and as the sole owners of U. S. Beverage and as the authorized agents of U.S. Beverage, whose names are signed to the foregoing conveyance, and who are known to me acknowledged before me on this day, that, being informed of the contents of the conveyance they executed same voluntarily on the day the same bears date.

    Given under my hand and official seal this the 24 day of April, 2002___.

_____
Notary Public
My Commission Expires: _____

MINUTES OF SPECIAL MEETING OF

THE SHAREHOLDERS

OF

U.S. BEVERAGE, INC.

A CLOSE ALABAMA CORPORATION

The special meeting of the shareholders of U.S. Beverage, Inc., was held at <u>11</u>:<u>00</u> <u>a</u>.m. on <u>April 24</u>, 2002 at the offices of the corporation's attorney, James R. Cooper, Jr., 312 Scott Street, Montgomery, Al pursuant to Waiver of Notice and Consent signed by all the shareholders, a copy of which is attached to these minutes. All the shareholders were present in person, namely: Grady Dowling Kittrell and Thomas Going Clark, III.

<u>Grady Dowling Kittrell</u> presided as Chairman and requested <u>Thomas Going Clark, III</u> act as Secretary of the meeting. The following business was transacted:

1. **PURCHASE OF ALL STOCK, ASSETS OF TROPICAL PERFECTIONS, INC.** The stockholders, being Mr. Kittrell and Mr. Clark, authorized the purchase of the stock of Tropical Perfections, Inc and all its assets, good will, name, accounts receivable and other assets, a list of which is attached to these minutes, marked exhibit A. from the owner of all the stock of said corporation, John Buster Clark, II. The purchase price is to be and was an equal interest in U.S. Beverages.

2. **INCREASING SHARES**   The stockholders, being Mr. Kittrell and Mr. Clark, authorized the increase in the shares of corporate stock from 1000 shares of corporate stock to 1500 hundred shares of corporate stock.

3. **SALE OF CORPORATE STOCK**: The stockholders of U.S. Beverage, being Mr. Kittrell and Mr. Clark, hereby sell to Mr. John Buster Walker, II, 500 hundred shares of the corporate stock of U.S. Beverage in exchange for all the assets, accounts receivable, good name, and stock of Tropical Perfections, Inc. a company owned solely by Mr. Walker. The purpose of said sale is to buy all Mr. Walker's ownership interest in Tropical Perfections, all its good name, assets, accounts receivable and other assets listed herein under exhibit A., and to make Mr. Walker an equal shareholder in U.S. Beverages with all the same rights, titles and interests that Mr. Kittrell and Mr. Clark had previously enjoyed. The two businesses are to be merged into one ongoing business under the U.S. Beverage, Inc name.

4. **ISSUANCE OF STOCK**: The stockholders fixed the value of the stock created and sold to Mr. Walker at a par value of one dollar per share.

5. **MANAGEMENT OF U.S. BEVERAGE**: The stockholders shall jointly manage the business. Any increase in compensation shall require a two-thirds vote of the shares of outstanding stock in the corporation. Any increase shall apply to all stockholders

equally. Any decrease in compensation would require unanimous vote of all shares of the outstanding stock in the corporation.

6. **VALUATION OF STOCKHOLDER INTEREST**: In the event any stockholder desires to sell their stock, if no other valuation can be agreed upon, then the value of that interest shall be determined as follows: The net asset value, being the assets of the corporation less liabilities, shall be the net work, which then shall be multiplied by 1.3 times to yield the total value of the corporation. The value of the stockholder's stock shall then be determined by multiplying the total value by said stockholder's percentage ownership.

_____
Grady Kittrell    Chairman OF THE MEETING

_____
Thomas Clark     SECRETARY OF THE MEETING

_____
John Buster Walker, NEW STOCKHOLDER

MINUTES OF SPECIAL MEETING OF

THE SHAREHOLDERS

OF

TROPICAL PERFECTIONS, INC.

A CLOSE ALABAMA CORPORATION


The special meeting of the shareholders of Tropical Perfections, Inc., was held at 11:00 a.m. on April, 24, 2002, 2002 at the offices of the corporation's attorney, James R. Cooper, Jr., 312 Scott Street, Montgomery, Al pursuant to Waiver of Notice and Consent signed by all the shareholders, a copy of which is attached to these minutes. All the shareholders were present in person, namely: John Buster Walker, II.

John Walker, II presided as Chairman and as Secretary of the meeting. The following business was transacted:


1. **SALE OF CORPORATE STOCK**: The stockholder of Tropical Perfections being Mr. Walker hereby sells to U.S. Beverage, Inc., an Alabama Corporation all outstanding shares of the corporate stock of Tropical Perfections, Inc., all its assets, accounts receivable, good name, good will and all other assets listed herein under exhibit A.. U.S. Beverage sells to Mr. Walker a one third interest in said corporation, being 500 shares of its stock. The intent of this purchase and sale is to make Mr. Walker an equal shareholder in U.S. Beverages with all the same rights, titles and interests that Mr. Kittrell and Mr. Clark had

previously enjoyed.

*John Buster Walker, II* **Chairman OF THE MEETING**