**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| U.S. BEVERAGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:06-cv-496-MEF |
| | ) | |
| JOHN BUSTER WALKER, II; TRIDENT MARKETING, INC.; et al. | ) ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO STRIKE WITNESS STATEMENT OF NORMAN TODD**

Comes now Plaintiff U.S. Beverage, Inc. and moves to strike the "Witness Statement of Norman H. Todd", and shows as follows:

In their reply brief, and in support of their position(s), Defendants John Walker and Trident Marketing ("Defendants") have submitted a Witness Statement of Norman H. Todd ("Todd Witness Statement"), who is a former defendant in this case. [Exhibit B to Defendants' Reply Brief, attached hereto as Exhibit 1]. The sworn testimony in the Todd Witness Statement is untruthful, and in contradiction to Mr. Todd's prior deposition testimony, and it is improper for Defendants to submit the witness statement in support of their brief.

As Norman Todd was initially sued <u>by Defendants</u> <u>in this case</u>, Defendants previously took the deposition of Norman Todd. That deposition was conducted by current counsel for the Defendants on September 15, 2006. [Deposition of Norman Todd, attached in its entirety as Exhibit 2]. Now, after having dropped Mr. Todd as a third party defendant, counsel for <u>Defendants has contacted Mr. Todd and had him submit a statement in support of Defendants'</u> <u>position - "under penalty of perjury."</u> The "witness statement", as with the other "witness

statements" submitted in this case is, of course, a fabrication designed to make up new facts as they are needed. However, while Plaintiff has refrained from moving to strike the other witness statements, and addressed Mr. Walker's witness statements, in part, in prior briefs, Mr. Todd's witness statement is a wholly different, and unacceptable situation.

While Mr. Todd's statement was carefully concocted to reflect similarities to several of the statements made in Mr. Todd's deposition, it contains multiple striking inconsistencies. For example, in his witness statement, in reference to a dinner meeting after the Alabama Trade Show, Mr. Todd states that:

> It was my understanding that John Walker was the owner of the Juice Alive brand, because Tom was complaining John was not bringing anything to the show or assisting in the cost incurred to secure the booth rental. Tom Clark stated that John as the owner of the Juice Alive brand should assist with some of the cost incurred to secure the booth rental since "we were representing his product". [Todd Witness Statement, page 1].

Not only did Norman Todd describe the meeting at the Alabama show during his deposition, with no mention of these "current" statements, but Norman Todd also testified in his deposition that it had always been his understanding that U.S. Beverage owned Juice Alive, and that his basis for saying that was from Tom Clark.[1] [Deposition of Norman Todd, page 25, line 20 - page 26, line 3 (Alabama show); page 30, line 18 - page 31, line 6 (Alabama show); page 57, lines 9 -23 (Juice Alive)]. Furthermore, as seen in the above statement, throughout his new testimony in the witness statement, Norman Todd now recounts supposed statements and direct quotes of Tom Clark referencing John Walker ("declaring war on John", "John would fall", "Tom stated that he wanted to put John out of business", etc., etc.). In Mr. Todd's deposition,

---

[1] In fact, none of the direct statements that Mr. Todd now "remembers" were mentioned in the prior deposition.

counsel for Defendants directly asked:

> **Q.** Do you recall any conversations involving John Walker's name?

To which, Mr. Todd responded:

> **A.** Not specifics, no, sir. [Todd Depo. at page 17, lines 2-4].

Mr. Todd went on to state that he did remember any statements by people at U.S. Beverage or any generalities about Mr. Walker either. [Id at page 16, line 19, - page 17, line 9].

In addition to these contradictions, there are paragraphs clearly written by counsel for Defendants, such as the fourth paragraph of page two, which states:

> On or about May 15, 2006, John Walker issued a cease and desist letter to U.S. Beverage demanding that it immediately stop using Juice Alive products and point of sale materials. At this time, U.S. Beverage had already started selling product labeled with the Fruzars logo. At no time did U.S. Beverage stop selling the Juice Alive product it had in stock to its customers. All of the Juice Alive products were sold until it was depleted. U.S. Beverage did not lose money on Juice Alive products that were purchased prior to receiving the cease and desist letter. U.S. Beverage continued to use Juice Alive products until at least August 2007. [Todd Witness Statement, page 2].

In his deposition on September 15, 2006, Mr. Todd, after testifying that he had not seen the cease and desist letter that he so pointedly remembers receipt of now ("on or about May 15"), testified as follows:

> **Q.** Has your company stopped selling product bearing the Juice Alive brand?
>
> **A.** Yes, sir.
>
> **Q.** When did that occur? When did they stop selling products bearing the Juice Alive name.
>
> **A.** I don't know of a specific date. I just know that it went away because the new label came in, and that's all I know about that. [Todd depo. at page 57, lines 9-

23].

Mr. Todd further stated that he was instructed [by U.S. Beverage], after the Alabama show (March, 2006), to remove the Juice Alive Point of Sale materials, and that he had done it. [Todd Depo. at page 29, lines 14 -19].  And this, of course, does even address the fact that it is not yet <u>August, 2007.</u>

These examples do not come close to addressing all of Mr. Todd's and Defendants' concocted statements in this witness statement, but it provides a sampling of what is an intentional attempt to mislead the Court.  Mr. Todd even, prior to this new witness statement, wrote a letter (which was not sent out by U.S. Beverage), in which Mr. Todd alleged that Mr. Walker was guilty of bid rigging in violation of federal statutes, and Mr. Todd testified in his deposition that he believed the letter to be completely truthful based upon his knowledge. [Todd depo. page 64, lines 6-8; Exhibit 4 to the Deposition of Buddy Todd]. Consequently, Mr. Todd's current submission <u>in support</u> of Mr. Walker, after he was "contacted" by Mr. Walker's attorney, rings somewhat hollow, to say the least.

Mr. Todd's deposition was taken, in the present case, by counsel for Defendants.  For Defendants to now submit this false "witness statement" as support for facts and argument in Defendants' reply brief in this case, is unacceptable.  In addition to using the witness statement as support for a great many of their arguments in response to Plaintiff's brief, Defendants also use Mr. Todd's witness statement to make the accusation that U.S. Beverage has brought this lawsuit as some sort of vendetta against Mr. Walker. [Defendant's Reply, page 5, paragraph 1 ("the motivation behind Plaintiff's lawsuit")].  It is simply not proper for Defendants, and their counsel, to make such an allegation and support it with a witness statement that they know is

false. Consequently, Mr. Todd's witness statement, as well as the references to it in Defendants' brief, should all be stricken from the record.

Wherefore, Plaintiff U.S. Beverage prays that the Court will grant this Motion and strike the Witness Statement of Norman Todd, and grant such further relief as the Court deems appropriate.

> s/C. Nelson Gill
> Richard H. Gill (GIL007)
> C. Nelson Gill (GIL055)
> Copeland, Franco, Screws & Gill, P.A.
> 444 South Perry Street
> P.O. Box 347
> Montgomery AL 36101-0347
> Phone: 334/834-1180
> Fax: 334/834-3172
> Email: gill@copelandfranco.com
> Email: ngill@copelandfranco.com
> **Attorneys for U. S. Beverage, Inc.**

**CERTIFICATE OF SERVICE**

I certify that on this 12th day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

- **Raymond Lewis Jackson, Jr**
  rjackson@auburnattorney.com raymond@hidinc.com

> s/C. Nelson Gill
> Of Counsel