IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| U.S. BEVERAGE, INC. | ) |
|     Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 2:06-CV-496-SRW ) |
| JOHN BUSTER WALKER, II; and TRIDENT MARKETING, INC.; | ) ) ) ) |
|     Defendants. | ) ) |
| JOHN BUSTER WALKER, II; and TRIDENT MARKETING, INC.; | ) ) ) |
|     Counterclaim Plaintiffs, | ) ) |
| v. | ) ) |
| U.S. BEVERAGE, INC.; | ) ) |
|     Counterclaim Defendant, | ) ) |
| and | ) ) |
| GRADY DOWLING KITTRELL; THOMAS GOING CLARK, III; and NORMAN "Buddy" TODD; | ) ) ) ) |
|     Third Party Defendants. | ) |

## DENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS
## BY PLAINTIFF AND/OR THIRD PARTY DEFENDANTS

Defendants John B. Walker, II and Trident Marketing, Inc. respectfully move this Court to enter an order compelling Plaintiff U.S. Beverage, Inc. and Third Party Defendants Thomas Clark and Grady Kittrell to produce documents and/or other materials, which were requested to be produced by Defendants during the depositions of Clark and Kittrell. As shown below and in

1

the Exhibits hereto, counsel for Plaintiff and Third Party Defendants agreed to produce the requested documents during the depositions of Clark and Kittrell. Because Defendants have not been able to adequately prepare for the preliminary injunction hearing and/or defend against Plaintiff's motion for preliminary injunction due to Plaintiff's and Third Party Defendants' refusal to produce the requested documents, Defendants also request discovery sanctions as set forth in more detail below. In support of this Motion, Defendants state as follows:

1. On December 14, 2006, the parties filed a Joint Status Report, in which the parties stated to the Court that "the parties ... should be finished exchanging discovery documents within three weeks." (A copy of the Joint Status Report is attached hereto as "Exhibit A.")

2. The "discovery documents" referred to in the Joint Status Report are various documents that were agreed to be produced during the depositions of Third Party Defendants Tom Clark, and Grady Kittrell, and Defendant John Walker. Prior to filing the Joint Status Report, counsel for the parties talked via telephone and agreed that these discovery documents would be exchanged within three weeks of December 14, 2006.

3. On September 14, 2006, Plaintiff and Third Party Defendants deposed John Walker. During Walker's deposition, Plaintiff's counsel requested that Walker produce a number of different types of documents. Walker and his counsel agreed to produce these documents.

4. On January 8, 2007, Walker produced 1,060 pages of documents to Plaintiff and Third Party Defendants in response to the document productions made during Walker's deposition. (Exhibit B—January 8th

cover letter from Defendants' counsel sent with documents to Plaintiff's counsel.)

5. On September 15, 2006, Defendants deposed Third Party Defendant Grady Kittrell. During Kittrell's deposition, Mr. Kittrell and his counsel agreed to locate and produce the following documents to Defendants:

   a. Please provide any financial documents that show the breakdown of sales of slush products versus other juice products and the breakdown of juice products versus equipment sales. – (Exhibit C – Kittrell deposition, p. 37)

   b. Please provide any records or documents that describe the percentage of sales of each component of your business. – (Exhibit C – Kittrell deposition, pp. 37 & 39)

   c. Please provide a copy of any records, notes, or minutes that evidence a willingness by Mr. Walker to move back to Alabama. – (Exhibit C – Kittrell deposition, p. 77)

   d. Please provide any documents, notes, or records that show a willingness by US Beverage to offset costs incurred by the sale of Mr. Walker's house in Texas at a loss. - (Exhibit C – Kittrell deposition, p. 79)

   e. Please provide a copy of any notes, documents, or minutes taken at any type of shareholder or board of directors meeting while Mr. Walker worked at US Beverage. – (Exhibit C – Kittrell deposition, p. 89)

   f. Please provide any manner of evidence that US Beverage believes proves that Mr. Walker was using US Beverage assets to further Trident Marketing. – (Exhibit C – Kittrell deposition, p. 126-27)

   g. Please provide any notes, records, or documents that discuss US Beverage's future goals as a company. – (Exhibit C – Kittrell deposition, p. 131)

   h. Please provide any notes, records, or documents that evidence instances in which Mr. Walker opened an account, but it was decided that he should not receive commissions. – (Exhibit C – Kittrell deposition, p. 142)

   i. Please provide any notes, records, or documents that evidence a willingness by Mr. Walker to agree to a change in his salary from being equal to the salary of the other shareholders to a commission based salary. – (Exhibit C – Kittrell deposition, p. 144)

   j. Please provide a copy of any notes, outlines, or minutes from the July 19th 2005 meeting. – (Exhibit C – Kittrell deposition, pp. 153-154)

k. Please provide any records, documents, notes, or financial statements that show any costs incurred by US Beverage for the production, printing, or mailing of any Juice Alive flyers. – (Exhibit C – Kittrell deposition, p. 196-97)

l. Please provide a copy of any original drafts of the noncompete agreement sent to Mr. Walker's Lawyer. – (Exhibit C – Kittrell deposition, p. 237-39)

m. Please provide any records, documents, notes, or financial statements that US Beverage believes evidences the dollar amount of lost revenues caused by any actions taken by Mr. Walker. – (Exhibit C – Kittrell deposition, p. 246)

n. Please provide any notes, documents, or records that evidence that Mr. Walker actively bid in 2005 or 2006 for any school accounts. – (Exhibit C – Kittrell deposition, p. 248)

o. Please provide any notes, documents, or records that evidence the price/charge per case paid to the owner of Cool Tropics for use of their brand. – (Exhibit C – Kittrell deposition, p. 261-64)

p. Please provide any notes, documents, or records that evidence the price/charge per case that US was paying Harvest Pure for use of its brand. – (Exhibit C – Kittrell deposition, p. 264)

q. Please provide a copy of any records or purchase orders that evidence a purchase by US Beverages of any product bearing the Juice Alive name at no charge. –(Exhibit C – Kittrell deposition, pp. 283-84)

r. Using an account list, or any other documents necessary, please provide a list of any businesses that US Beverage alleges to have lost to Mr. Walker within 200 miles of Montgomery. –(Exhibit C – Kittrell deposition, p. 291)

s. Please provide a list of any actual products sold within 200 miles of Montgomery by Dispensing Systems. –(Exhibit C – Kittrell deposition, pp. 293-294)

t. Please describe the business and the location of the "South Mississippi" account that US Beverage contends that Mr. Walker bid on within the 200-mile radius of Montgomery. –(Exhibit C – Kittrell deposition, p. 293)

u. Please provide a list of any instances that you allege that Walker has caused, or continues to cause US Beverages to lose sales or profits. – (Exhibit C – Kittrell deposition, p. 299-300)

v. Please provide a list of areas that you contend you were or are a sole-source provider. –(Exhibit C – Kittrell deposition, p. 304-05)

4

w. Please provide any records, documents, or notes that caused US Beverage or any of its employees to become aware of any statements made by Scottie West regarding US Beverage. –(Exhibit C – Kittrell deposition, p. 312)

x. Please provide any records, documents, or notes that show any amount of funds that US Beverage spent in the development of Juice Alive brand or trademark. – (Exhibit C – Kittrell deposition, p. 324-25)

y. Please provide any meeting notes or records in your possession discussing the development of any concepts or drafts of the Juice Alive name or logo. – (Exhibit C – Kittrell deposition, p. 324-25)

z. Please provide any sales records that indicate the first time that US Beverage sold any product bearing the Juice Alive name or trademark. –(Exhibit C – Kittrell deposition, p. 326)

aa. Please describe any advertising methods that US Beverage employed to market products bearing the Juice Alive name or trademark. – (Exhibit C – Kittrell deposition, p. 326-7)

bb. Please provide any records, documents, or notes that show any funds that US Beverage has paid to BLR for the development of the Fruzars brand or logo. (Exhibit C – Kittrell deposition, p. 332)

6. On November 16, 2006, Defendants deposed Third Party Defendant Tom Clark. During Clark's deposition, Mr. Clark and his counsel agreed to locate and produce the following documents to Defendants:

a. Request to provide minutes or other notes from shareholder meetings. (Exhibit D – Clark deposition, p. 45)
b. Request for notes or minutes reflecting consent of Walker to have his salary changed. (Exhibit D – Clark deposition, p. 49)
c. Request for records of when U.S. Beverage began selling to customers in North Carolina. (Exhibit D – Clark deposition, p. 74-76)
d. Request for any other evidence that shows U.S. Beverage owned Juice Alive trade mark, including, but not limited to, any of Clark's notes on this subject. (Exhibit D – Clark deposition, p. 84)
e. Request for records reflecting U.S. Beverage's lost customers in any state. (Exhibit D – Clark deposition, pp. 127-31)
f. Request for records specifically reflecting what customers U.S. Beverage lost in Mississippi. (Exhibit D – Clark deposition, pp. 127-31)
g. Request for e-mails or other correspondence from U.S. Beverage's customers regarding confusion at any time over whether Walker was working with U.S. Beverage. (Exhibit D – Clark deposition, p. 136-37)

    h. Request for financial statements (that were previously produced pursuant to *Fed. R.Civ. P.* Rule 26) that are not cut-off on the side. (Exhibit D – Clark deposition, p. 154-55)

    i. Request for color copies of financial documents that had been highlighted in three different colors by Plaintiff, but had been produced in black and white to Defendants pursuant to *Fed. R.Civ. P.* Rule 26. Clark had testified that the original document had 3 kinds of different highlighted customers on it. (Exhibit D – Clark deposition, p. 159-60)

7. On or about March 9, 2007, Defendants' counsel sent a letter to attorney Nelson Gill inquiring as to when Plaintiff and Third Party Defendants was going to produced the above listed documents. Defendants' counsel specifically noted that he needed these documents to prepare for the preliminary injunction hearing. In this letter, Defendants' counsel provided a list of the documents agreed to be produced during Mr. Kittrell's deposition. (A copy of the March 9, 2007 is attached hereto as Exhibit E.)

8. On or about March 21, 2007, Defendants' counsel sent a letter to attorney Nelson Gill again inquiring as to when Plaintiff and Third Party Defendants was going to produced the above listed documents. Defendants' counsel attached to this letter a list of the documents agreed to be produced during Mr. Clark's deposition. (A copy of the March 21, 2007, is attached hereto as Exhibit F.)

9. On March 26, 2007, Plaintiff's counsel Nelson Gill sent a letter to Defendant's counsel in which he stated the following:

> "In regard to your document requests, I have met with our clients to go over the specific documents that you are requesting. It is my belief that some of the documents requested have already been produced, or at least the information requested is contained in previously produced

> documents. In any event, I believe that I have several documents (the "colored" and "cutoff" documents) and I will get those to you by the end of the week. U.S. Beverage will produce what other responsive documents that it can locate by next Tuesday, April 3."

Mr. Gill did not indicate which documents had been previously produced or where the information requested could be found in other produced documents. Because Mr. Gill marked this letter as "Confidential For Settlement Purposes Only," Defendants will not attach this document to this motion unless requested to do so by the Court.

10. On March 30, 2007, Defendants' counsel again wrote the attorney for Plaintiff and Third Party Defendants and requested that all of the requested documents be produced so that he could prepare for the preliminary injunction hearing. (A copy of Defendants counsel's March 30, 2007, letter is attached as Exhibit G.)

11. As noted previously, Defendants John Walker and Trident Marketing, Inc. worked diligently to produce approximately 1,060 pages in documents to Plaintiff in response to Plaintiff's document requests made during John Walker's deposition.

12. It should also be noted that Plaintiff referred to and relied upon documents produced by Defendants' on January 8, 2007, in Plaintiff's brief to this Court in support of its motion of preliminary injunction. (See, e.g., Plaintiff's brief of 3/16/07, p. 16) While refusing to produce the requested documents to Defendants, Plaintiff U.S. Beverage has attempted to rely

upon documents produced in good faith to it by Defendants to support Plaintiff's motion for a preliminary injunction.

13. To date, Plaintiff U.S. Beverage and Third Party Defendants Clark and Kittrell have not produced any of the above listed documents to Defendants, not even the documents specifically mentioned in Mr. Gill's letter of March 26, 2007.

14. As the result of Plaintiff's and Third Party Defendants' refusal to produce documents that were requested by Defendants more than five (5) months ago, Defendants have been prevented from adequately preparing for the preliminary injunction hearing and/or from defending against Plaintiff U.S. Beverage's request for a preliminary injunction.

WHEREFORE, Defendants John B. Walker and Trident Marketing, Inc. request the following relief: (a) an order compelling Plaintiff U.S. Beverage, Inc. and Third Party Defendants Tom Clark and Grady Kittrell by noon on Thursday April 19, 2007, to respond in writing to each of document requests and to physically produce copies of any documents, data, and/or other materials that are responsive to Defendants' document requests to the offices of Defendants' counsel in Auburn, Alabama; (b) an order barring Plaintiff U.S. Beverage, Inc. and Third Party Defendants Tom Clark and Grady Kittrell from using any documents at the preliminary injunction for any purpose that have not been produced in a complete and usable manner to Defendants' counsel prior to today's date; and/or (c) an order denying Plaintiff U.S. Beverage, Inc.'s request for preliminary injunction as a sanction for the failure of Plaintiff and Third Party Defendants to timely respond to the requests for production of documents.

**RESPECTFULLY SUBMITTED** this the 15th day of APRIL 2007.

_/s/ Raymond L. Jackson, Jr._
Raymond L. Jackson, Jr. (JAC054)
Attorney for John B. Walker, II, and
Trident Marketing, Inc.

**OF COUNSEL:**
Raymond L. Jackson, Jr.
Jackson Law Group, P.C.
P.O. Box 3575
Auburn, Alabama 36831-3575
(334) 821-0600
(334) 821-1950 (FAX)
rjackson@auburnattorney.com

## CERTIFICATE OF SERVICE

I certify that on this the 15TH day of APRIL 2007 a copy of the foregoing pleading was served upon all counsel of record through the EMCS electronic filing system and/or by placing said copy in First Class U.S. Mail with postage prepaid to the following addresses:

Richard H. Gill, Esq.
C. Nelson Gill, Esq.
Copeland, Franco, Screws & Gill, P.A.
P.O. Box 347
Montgomery, AL 36101-0347

_/s/ Raymond L. Jackson, Jr._
Raymond L. Jackson, Jr. (JAC054)