**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| U.S. BEVERAGE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:06-cv-496-MEF |
| ) | |
| JOHN BUSTER WALKER, II; TRIDENT ) | |
| MARKETING, INC.; et al. ) | |
| ) | |
| Defendants. ) | |

**RESPONSE TO DEFENDANTS' MOTION TO COMPEL**

Comes now Plaintiff U.S. Beverage, Inc. and hereby submits its response to Defendants' Motion to Compel, and shows as follows:

1.     On Sunday, April 15, Defendants John Walker and Trident Marketing, Inc. ("Defendants") filed an Emergency Motion to Compel, seeking production of documents allegedly requested during depositions, and later by letter of Plaintiff's counsel, as well as seeking sanctions against Plaintiff. The specific letter requests are attached as Exhibits 1 and 2.

2.     First, to the extent that Plaintiff has any documents that are intended to be used at the upcoming preliminary injunction hearing, all such documents have been produced. Some documents that were received by counsel for Plaintiff on Friday, April 13, were produced to Defendants on Monday, April 16. Counsel for Plaintiff contacted counsel for Defendants on Monday, April 16 and informed him of this, and counsel for Defendants stated that he would evaluate the Motion to Compel after the receipt of the documents. Counsel for Plaintiffs does not know the outcome of this evaluation at this time.

3.     Plaintiff would not disagree that responses to some of the requests for documents made during the depositions have been delayed; however, Grady Kittrell and Tom Clark, the two

remaining principals of U.S. Beverage have been working enormous hours to try and sustain their business, including doing all of the day-to-day aspects of U.S. Beverage's business, which is essentially in every state in the Southeast. Many of the requests by Defendants are enormously time consuming as they require detailed searches of and/or compilations of data from prior years.

4. While Plaintiff would agree that the parties agreed to generally exchange documents without being prompted by a request, these requests evidenced by Exhibits 1 and 2 are not formal discovery requests, and many of them would be objectionable as overburdensome and/or irrelevant, certainly as far as the preliminary injunction is concerned.

5. Furthermore, the requests, Exhibits 1 and 2, do not accurately reflect even the deposition testimony, as the contentions made in the Motion, such as that: "Mr. Kittrell and his counsel agreed to locate and produce" all of the requested documents are simply inaccurate. For example, Request M, listed in Exhibit 1 and in Defendants' Motion, states:

> m. Please provide any records, documents, notes or financial statements that U.S. Beverage believes evidences the dollar amount of lost revenues caused by any actions taken by Mr. Walker. - (Exhibit C, Kittrell deposition, p. 246.).
> [Defendants' Motion to Compel, page 4].

There was no agreement to produce that information at the deposition, and the question was not even asked. [Kittrell Depo. Page 246]. The question does relate to the discussion at that time in the deposition, and it is not a fair representation to say that U.S. Beverage "refused" to produce these documents after "agreeing" to produce them. This is not an isolated incident in these requests, as many of the requests simply reflect situations in the depositions where the issue was being discussed and not to a specific request in accordance with the civil rules (E.g. Kittrell requests: a,b,j,k,r,s,t,u,v,w,aa,bb (no specific request made).

6. In fact, most of the requests, as listed in "Exhibits 1 and 2" do not accurately reflect a page in the depositions where any request was made, although, it is conceded that some requests were made on pages nearby, as is evidenced by the fact that the current Motion to Compel has now changed the requests. [Compare Exhibits 1 and 2 to Motion to Compel, pages 4-6].

7. These "requests" were simply designed to make U.S. Beverage, and its counsel, engage in an extended search for things, including whether or not anything had ever been requested. This is simply not a fair way to conduct discovery, nor a manner which is allowed by the Rules of Civil Procedure.

8. In any event, Plaintiff has searched its records as best as it is able under the circumstances, and has produced all that it is able to locate at this point, so that the present motion is moot.

9. Therefore, the Motion to Compel should be denied, or, declared moot as Plaintiff does not have any additional documents at this time that it has not produced.

Wherefore, U.S. Beverage prays that the Court will deny Defendants' Motion to Compel, or declare it moot, and grant such further relief as the Court deems appropriate.

s/C. Nelson Gill
Richard H. Gill (GIL007)
C. Nelson Gill (GIL055)
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street
P.O. Box 347
Montgomery AL 36101-0347
Phone: 334/834-1180
Fax: 334/834-3172
Email: gill@copelandfranco.com

Email: ngill@copelandfranco.com

*Attorneys for U. S. Beverage, Inc.*

**CERTIFICATE OF SERVICE**

    I certify that on this 17th day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

- **Raymond Lewis Jackson, Jr**
  rjackson@auburnattorney.com  raymond@hidinc.com

                                          s/C. Nelson Gill
                                          Of Counsel