IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| U.S. BEVERAGE, INC. | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:06-CV-496-SRW |
| JOHN BUSTER WALKER, II; and TRIDENT MARKETING, INC.; | ) |
| Defendants. | ) |
| JOHN BUSTER WALKER, II; and TRIDENT MARKETING, INC.; | ) |
| Counterclaim Plaintiffs, | ) |
| v. | ) |
| U.S. BEVERAGE, INC.; | ) |
| Counterclaim Defendant, | ) |
| and | ) |
| GRADY DOWLING KITTRELL; and THOMAS GOING CLARK, III; | ) |
| Third Party Defendants. | ) |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO COMPEL

Comes now Defendants Plaintiffs John Buster Walker, II (hereinafter referred to as Walker) and Trident Marketing, Inc.(hereinafter referred to as Trident) and herein reply to the arguments made by Plaintiff U.S. Beverage, Inc., and Third Party Defendants

Grady Kittrell and Thomas Clark (hereinafter referred to effectively as U.S. Beverage) in their response to Defendants' motion to compel.

1. On Tuesday, April 17, U.S. Beverage filed a response to Trident's motion to compel, requesting this Court to deny, or declare moot the Defendants' motion.

2. In support of the its argument to avoid producing documents, U.S. Beverage states that any documents that it intends to use at the upcoming preliminary injunction hearing have already been produced. In its zeal to argue its own case, U.S. Beverage appears to have forgotten that discovery is a two way street. Understandably, U.S. Beverage, which has received all of the documents that it requested from Defendants John Walker and Trident Marketing, Inc., is prepared to argue its case. However, it needs to recall that is has a duty to produce documents that Defendants need to use as evidentiary support of its own claims and defenses at the injunction hearing. Obviously, U.S. Beverage cannot in good faith argue that it has a duty to produce only documents that support its theory of the case.

3. U.S. Beverage admits that it has delayed in responding to Defendants' requests for documents made during the deposition. However, U.S. Beverage asserts as an excuse for this in action that Third Party Defendants Tom Clark and Grady Kittrell have been too busy running U.S. Beverage, Inc. to respond to Defendants' requests. U.S. Beverage and its controlling shareholders—Clark and Kittrell—have been aware of Defendants' requests since Kittrell's deposition on September 15, 2006, and Clark's deposition on November 16, 2006. Thus, U.S. Beverage has been on notice of Defendants' requested documents for eight months and five months respectively. Thus,

despite the rigors of running a company, especially since U.S. Beverage brought this lawsuit, it has had beyond adequate time to produce the requested documents.

  4. U.S. Beverage further objects to Defendants' motion to compel on the basis that the requests were not formal discovery requests and that they were either overburdensome and/or irrelevant as far as the preliminary injunction is concerned. Defendant notes that it fully complied with all of U.S. Beverage's nonformal[1] discovery requests. In fact, U.S. Beverage used documents provided by Defendants as evidence in support of its request for a preliminary injunction.

  5. Furthermore, U.S. Beverage has made two exceptional requests in its request for a preliminary injunction that contradict its argument that Defendants' requests are irrelevant to the injunction hearing. First, U.S. Beverage requested this court to render monetary damages at an equitable hearing. Further, U.S. Beverage also requested that this Court convert the preliminary injunction into a final hearing. Clearly, the documents requested at the deposition and in the letters sent by Defendants' counsel on March 9, 2007, and March 21, 2007, are relevant to the final resolution of this case. Certainly, U.S. Beverage can not request this court to make the preliminary injunction a final hearing while simultaneously requesting this Court to strike a motion to compel documents because some of the requests pertain to matters outside the scope of a preliminary injunction hearing.

  6. U.S. Beverage further requests this Court to strike the Trident's motion because some of the requests are not supported by direct requests to produce documents during the deposition. In its motion, U.S. Beverage provides the following example:

---

[1] FRCP 34(b) requires only that document requests be in writing and describe with particularity the items to be inspected. The request need not be filed with the court.

> Request M, listed in Exhibit 1 and in Defendants' Motion, states:
>
> m. Please provide any records, documents, notes or financial statements that U.S. Beverage believes evidences the dollar amount of lost revenues caused by any action taken by Mr. Walker. – (Exhibit C, Kittrell deposition, p. 246.).

Admittedly, during the deposition, Trident did not make a direct request to U.S. Beverage to produce specific documents. However, during the deposition, Trident's counsel asked Kittrell whether "[he] lost any sales as a result of [Walker's] alleged completion." (Exhibit C, Kittrell Deposition, p. 246). Kittrell responded by stating that "We have lost pieces of business due to him creating a competitive entity. So, yes, we do feel that we've lost business and lost revenues, an enormous amount of revenues due to this competition." Id. Trident's counsel then asked Kittrell if he could "put a dollar figure on this enormous amount of [lost] revenues." Id. Kittrell responds that he "would need to go through an account list" to do so. Id. Clearly, U.S. Beverage was on notice that Trident wished to know what evidence supported U.S. Beverages claims that it had lost enormous amounts of revenue. Further, U.S. Beverage's motion in support of preliminary injunction alleged that Walker's actions caused U.S. Beverage to lose revenue. Does U.S. Beverage contend that it has no duty to provide evidence that support its own claims? Clearly, U.S. Beverages has a duty to provide documents in support of its own claims. Most importantly, U.S. Beverage had a mandatory duty to provide any evidence related to its claims for damages. FRCP 26(a)(1)(c) provides for the mandatory disclosure of any "document or material used in computing any category of damages claimed by the disclosing party, including those regarding the nature and extent of the damages."

      7.      In its brief in support of preliminary injunction, U.S. Beverage claims that "some of the damages that John Walker and Trident Marketing have caused are so

extensive as to simply be incalculable." (Plaintiff Brief in Support of Preliminary Injunction, p. 22.) Then, Plaintiff then goes on to refer to multiple actions by John Walker that have caused specific lost revenues and damages. Id at 23-24. ($10,500 case up charge; $13,034 lost product; $69,768. Profit margin; $35,620 lost sales Mississippi; $39,945 lost sales in Arkansas; untold amounts in other states; $90,000 lost POS materials; $300,000. a year in lost sales; $250,000 in lost compensation; $450,000 cash calls) As stated in both Plaintiff and Defendants' briefs in support of preliminary injunction, one of the key prongs evaluated by a court in determining whether to grant or deny an injunction is the issue of harm. How can the Plaintiffs expect the Defendants to reply to its multiple assertions of monetary harm if it will not produce evidence that support these claims?

8.   Plaintiff further argues that Defendants requests were simply designed to make U.S. Beverage "engage in an extended search for things... and that ... this is not a fair way to conduct discovery." However, the FRCP 26(b) states that a party may seek production of any document or tangible thing that is relevant. All of the Defendants document requests are pertinent to claims in either the Plaintiff's Complaint or the Defendants Counterclaim.

9.   U.S. Beverage also offers the excuse that Trident's requests are "enormously time consuming as they require detailed searches of compilations of data from prior years." In their motion in support of preliminary injunction, the Plaintiff's cite *Jot-Em-Down Store Inc. v. Cotter and Co.*, 651 F.2d 245, 248 (5th Cir. 1981) for the proposition that: "While damages may not be determined by mere speculation or guess, it will be enough if the evidence shows the extent of the damages as a matter of just and

reasonable inference, although the result be only approximate." As the Court in *Jot-Em-Down* stated, there must be sufficient evidence to support damage claims. If U.S. Beverage has already determined specific damage amounts down to the dollar, it certainly must have evidence on hand to support its claims, and therefore it must be required to produce it to the Defendants.

10. Furthermore, if U.S. Beverage has custody of sufficient evidence to support the damage claims that it wishes the court to immediately award at the hearing, then this is proof that clearly contradicts U.S. Beverages statement that is has searched its records and produced all documents that it is able to locate. Therefore, this Court must find that the Plaintiff is intentionally refusing to provide Defendants with evidence supporting its claims.

11. Without waiving its rights to other requested documents, Defendants at a minimum are entitled to receive the following documents requested during the deposition of Mr. Kittrell and specifically requested in writing by Defendants' counsel on March 9, 2007:

    a. Please provide a copy of any notes, documents, or minutes taken at any type of shareholder or board of directors meeting while Mr. Walker worked at US Beverage. – (Exhibit C – Kittrell deposition, p. 89)

    b. Please provide any manner of evidence that US Beverage believes proves that Mr. Walker was using US Beverage assets to further Trident Marketing. – (Exhibit C – Kittrell deposition, p. 126-27)

    c. Please provide any notes, records, or documents that evidence a willingness by Mr. Walker to agree to a change in his salary from being equal to the salary of the other shareholders to a commission based salary. – (Exhibit C – Kittrell deposition, p. 144)

    d. Please provide a copy of any notes, outlines, or minutes from the July 19th 2005 meeting. – (Exhibit C – Kittrell deposition, pp. 153-154)

e. Please provide any records, documents, notes, or financial statements that US Beverage believes evidences the dollar amount of lost revenues caused by any actions taken by Mr. Walker. – (Exhibit C – Kittrell deposition, p. 246)

f. Please provide any notes, documents, or records that evidence that Mr. Walker actively bid in 2005 or 2006 for any school accounts. – (Exhibit C – Kittrell deposition, p. 248)

g. Please provide any notes, documents, or records that evidence the price/charge per case paid to the owner of Cool Tropics for use of their brand. – (Exhibit C – Kittrell deposition, p. 261-64)

h. Please provide a copy of any records or purchase orders that evidence a purchase by US Beverages of any product bearing the Juice Alive name at no charge. –(Exhibit C – Kittrell deposition, pp. 283-84)

i. Using an account list, or any other documents necessary, please provide a list of any businesses that US Beverage alleges to have lost to Mr. Walker within 200 miles of Montgomery. –(Exhibit C – Kittrell deposition, p. 291)

j. Please provide a list of any actual products sold within 200 miles of Montgomery by Dispensing Systems. –(Exhibit C – Kittrell deposition, pp. 293-294)

k. Please describe the business and the location of the "South Mississippi" account that US Beverage contends that Mr. Walker bid on within the 200-mile radius of Montgomery. –(Exhibit C – Kittrell deposition, p. 293)

l. Please provide a list of any instances that you allege that Walker has caused, or continues to cause US Beverages to lose sales or profits. – (Exhibit C – Kittrell deposition, p. 299-300)

m. Please provide any records, documents, or notes that caused US Beverage or any of its employees to become aware of any statements made by Scottie West regarding US Beverage. –(Exhibit C – Kittrell deposition, p. 312)

n. Please provide any records, documents, or notes that show any amount of funds that US Beverage spent in the development of Juice Alive brand or trademark. – (Exhibit C – Kittrell deposition, p. 324-25)

o. Please provide any sales records that indicate the first time that US Beverage sold any product bearing the Juice Alive name or trademark. –(Exhibit C – Kittrell deposition, p. 326)

      p. Please provide any records, documents, or notes that show any funds that US Beverage has paid to BLR for the development of the Fruzars brand or logo. (Exhibit C – Kittrell deposition, p. 332)

12. Without waiving its rights to other requested documents, Defendants at a minimum are entitled to receive the following documents requested during the deposition of Mr. Clark and specifically requested in writing by Defendants' counsel on March 9, 2007:

      a. Request to provide minutes or other notes from shareholder meetings. (Exhibit D – Clark deposition, p. 45)
      b. Request for notes or minutes reflecting consent of Walker to have his salary changed. (Exhibit D – Clark deposition, p. 49)
      c. Request for records of when U.S. Beverage began selling to customers in North Carolina. (Exhibit D – Clark deposition, p. 74-76)
      d. Request for any other evidence that shows U.S. Beverage owned Juice Alive trade mark, including, but not limited to, any of Clark's notes on this subject. (Exhibit D – Clark deposition, p. 84)
      e. Request for records reflecting U.S. Beverage's lost customers in any state. (Exhibit D – Clark deposition, pp. 127-31)
      f. Request for e-mails or other correspondence from U.S. Beverage's customers regarding confusion at any time over whether Walker was working with U.S. Beverage. (Exhibit D – Clark deposition, p. 136-37)
      g. Request for color copies of financial documents that had been highlighted in three different colors by Plaintiff, but had been produced in black and white to Defendants pursuant to *Fed. R. Civ. P.* Rule 26. Clark had testified that the original document had 3 kinds of different highlighted customers on it. (Exhibit D – Clark deposition, p. 159-60)

13. Since the filing of this Motion, Plaintiff has provided some documents to Defendants, but Plaintiff has not produced all of the documents and information mentioned above. Defendants appreciate Plaintiff producing approximately 100 pages of information to them. Furthermore, Plaintiff has not responded in writing stating that it has diligently searched for this information and that the information does not exist.

Neither has Plaintiff provided item by item objections to these written requests for documents.

14. As indicated previously, Defendants and Plaintiff voluntarily chose to enter into informal discovery. Defendants produced over 1,000 pages of documents to Plaintiff in January 2007. Plaintiff cannot wait until after Defendants have provided extensive discovery to it and on the verge of a preliminary injunction hearing to now object and refuse to cooperate in providing essential discovery to Defendants.

Wherefore, the Defendants' pray that the Court will grant its motion to compel and grant such further relief as the Court deems appropriate.

**RESPECTFULLY SUBMITTED** this the 18th day of APRIL 2007.

Raymond L. Jackson, Jr. (JAC054)
Attorney for John B. Walker, II and
Trident Marketing, Inc.

**OF COUNSEL:**
Raymond L. Jackson, Jr.
Jackson Law Group, P.C.
P.O. Box 3575
Auburn, Alabama 36831-3575
(334) 821-0600
(334) 821-1950 (FAX)
rjackson@auburnattorney.com

## CERTIFICATE OF SERVICE

I certify that on this the 18th day of APRIL 2007 a copy of the foregoing pleading was served upon all counsel of record through the EMCS electronic filing system and/or by placing said copy in First Class U.S. Mail with postage prepaid to the following addresses:

>Richard H. Gill, Esq.
>C. Nelson Gill, Esq.
>Copeland, Franco, Screws & Gill, P.A.
>P.O. Box 347
>Montgomery, AL 36101-0347

_____
OF COUNSEL