**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| U.S. BEVERAGE, INC., | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:06-cv-496-MEF |
| JOHN BUSTER WALKER, II; TRIDENT MARKETING, INC.; et al. | ) ) ) ) | |
| Defendants. | ) | |

**MOTION FOR ENFORCEMENT OF MEDIATED SETTLEMENT AGREEMENT**

COMES NOW U.S. Beverage, Inc. and respectfully moves the Court to enforce the settlement agreement entered into by the parties in the course of a mediation held on May 24, 2007. In support, movant respectfully shows:

1. A central issue of dispute in this cause of action was the Defendants' assertion of ownership to and use of a trade name ("Juice Alive") in the marketing of juice products, in competition with Plaintiff U.S. Beverage, which also asserted ownership of such trade name and for whom Defendant John Walker was an employee, officer and director.

2. The parties had, during the course of Mr. Walker's employment, entered into a non-compete agreement, which agreement, Defendant Walker asserted, prohibited him only from working for a competing entity using "Juice Alive" or otherwise directly competing with U.S. Beverage, but which did not preclude him from licensing the "Juice Alive" product through some other company or entity.

3. As part of the mediation, the parties agreed to enter into a non-compete agreement which was not subject to the asserted frailties of the original one, and to establish a territorial area of

such non-compete, together with an expiration date for the effectiveness of such agreement. In exchange for the effective non-compete, and certain other matters, Plaintiff agreed to relinquish its damage claims against Defendants and to indemnify Defendants against certain debts of the joint enterprise in which they had previously been engaged. [Exhibit A, Mediation Agreement].

4. In the course of drafting the full documents necessary to give effect to the mediated settlement, Defendant Walker has refused to execute the non-compete and asserts that he is at liberty to utilize the trade name through licensing of it to others within the prohibited area and during the prohibited time. He asserts, in effect, that he is precluded only from direct competition in the form of selling in his own name and calling on customers in his own name, a circumstance which was already precluded by the prior non-compete, and that he may do by indirection that which he cannot do directly.

5. All other documents necessary to give effect to the agreement have been drafted and agreed upon except this central issue. The parties were due to submit a completed settlement to the Court by July 2, but such submission is precluded by the refusal of Mr. Walker to execute the effective non-compete.

WHEREFORE, petitioner respectfully prays that the Court will set an early hearing on this matter, will order Mr. Walker to comply with the settlement agreement and execute the necessary documents, thereby bringing this matter to its close. Petitioner prays for such other relief, including costs, as may be necessary in the premises.

Respectfully submitted this 2nd day of July, 2007.

      s/C. Nelson Gill  
Richard H. Gill (GIL007)  
C. Nelson Gill (GIL055)  
Copeland, Franco, Screws & Gill, P.A.  
P.O. Box 347  
Montgomery AL  36101-0347  
Phone: 334/834-1180  
Fax: 334/834-3172  
Email: gill@copelandfranco.com  
Email: ngill@copelandfranco.com  

**Attorneys for U. S. Beverage, Inc.**

### CERTIFICATE OF SERVICE

I certify that on this 2nd day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

**Raymond Lewis Jackson, Jr** rjackson@auburnattorney.com raymond@hidinc.com

      s/C. Nelson Gill